FILED
CLERK, U.S. DISTRICT COURT
10/14/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VAV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>BASMAH IMTIAZ MUGHAL,<br>JESSICA MAY CASTELO, and<br>URIED BAREDOMIA BENITEZ,<br><br>　　　　Defendants. | CR 2:22-cr-00475-FLA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1708: Possession of Stolen Mail; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1028(a)(3): Possession with Intent to Use and Transfer Unlawfully Five or More Identification Documents and False Identification Documents; 18 U.S.C. § 1704: Possession of Counterfeit Postal Key; 18 U.S.C. §§ 981(a)(1)(C), 982, and 1029, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 1708, 2(a)]

[ALL DEFENDANTS]

　　On or about July 25, 2022, in Los Angeles County, within the Central District of California, defendants BASMAH IMTIAZ MUGHAL, JESSICA MAY CASTELO, and URIED BAREDOMIA BENITEZ, each aiding and

abetting the other, unlawfully possessed mail and mail matter that had been stolen and taken from the United States mail, namely, approximately 104 pieces of mail and mail matter addressed to various individuals and businesses within Los Angeles County and elsewhere, and at that time and place, defendants knew that said mail and mail matter were stolen.

COUNT TWO

[18 U.S.C. §§ 1029(a)(3), 2(a)]

[ALL DEFENDANTS]

On or about July 25, 2022, in Los Angeles County, within the Central District of California, defendants BASMAH IMTIAZ MUGHAL, JESSICA MAY CASTELO, and URIED BAREDOMIA BENITEZ, each aiding and abetting the other, knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, approximately 16 credit card, debit card, and bank account numbers and 30 social security numbers, all belonging to persons other than defendants, with said possession affecting interstate and foreign commerce.

COUNT THREE

[18 U.S.C. §§ 1028A(a)(1), 2(a)]

[ALL DEFENDANTS]

On or about July 25, 2022, in Los Angeles County, within the Central District of California, defendants BASMAH IMTIAZ MUGHAL, JESSICA MAY CASTELO, and URIED BAREDOMIA BENITEZ, each aiding and abetting the other, knowingly possessed, without lawful authority, means of identification that defendants knew belonged to other persons, that is, the names of victims Y.K., K.A.K., and T.J., during and in relation to the offense of Possession of Fifteen or More Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(3), as charged in Count Two of this Indictment.

COUNT FOUR

[18 U.S.C. §§ 1028(a)(3), 2(a)]

[ALL DEFENDANTS]

On or about July 25, 2022, in Los Angeles County, within the Central District of California, defendants BASMAH IMTIAZ MUGHAL, JESSICA MAY CASTELO, and URIED BAREDOMIA BENITEZ, each aiding and abetting the other, knowingly possessed with intent to use unlawfully and transfer unlawfully at least five identification documents and false identification documents (as defined in Title 18, United States Code, Sections 1028(d)(3) and (4)), namely, one Mexican consular identification card, one United States permanent resident card, one United States employment authorization card, one United States Customs and Border Protection Global Entry identification card, one New Jersey driver's license, and one counterfeit Arizona driver's license, all belonging to persons other than the defendants, with such identification documents issued and appearing to have been issued under the authority of the United States and a foreign government, and political subdivisions thereof, with said possession in and affecting interstate and foreign commerce.

COUNT FIVE

[18 U.S.C. §§ 1704, 2(a)]

[ALL DEFENDANTS]

On or about July 25, 2022, in Los Angeles County, within the Central District of California, defendants BASMAH IMTIAZ MUGHAL, JESSICA MAY CASTELO, and URIED BAREDOMIA BENITEZ, each aiding and abetting the other, knowingly possessed with the intent to unlawfully and improperly use, and to cause the same to be unlawfully and improperly used, a key suited to locks adopted and in use at the time by the United States Post Office Department and Postal Service, and to any authorized receptacle for the deposit and delivery of mail matter, namely, one counterfeit Postal Service "arrow" key.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count One of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1029]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of any defendant's conviction of the offenses set forth in any of Counts Two through Four of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any such offense;

(b) Any personal property used or intended to be used to commit any such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

*Christina Shay for SMG*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

DAVID T. RYAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

LYNDSI ALLSOP
Assistant United States Attorney
General Crimes Section